ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA                :    SEALED INDICTMENT

        - V. -                         :

                        :    16 Cr. 666

MALCOLM KINYON,                          :
  a/k/a "M.A.,"                         :
ERIC ANTONMARCHI,                        :
  a/k/a "Powerful,"                     :
  a/k/a "P,"                            :
STAR BERMUDEZ,                           :
BRIAN BOWMAN,                            :
  a/k/a "Pony,"                         :
DERRICK ENSLEY,                          :
  a/k/a "Dirk,"                         :
AARON HARDY,                             :
ANDREW HARDY,                            :
NICHOLAS LEYVA,                          :
  a/k/a "Stay High,"                    :
  a/k/a "Stay,"                         :
DAVION McADAM,                           :
  a/k/a "Goat,"                         :
DANTE McNAIR,                            :
  a/k/a "Tay,"                          :
JAQUAN McNAIR,                           :
  a/k/a "Quannie,"                      :
  a/k/a "Drugs,"                        :
ANTON MILLER,                            :
  a/k/a "Anton Singleton,"              :
  a/k/a "Nord,"                         :
DANIEL SPOTARDS,                         :
  a/k/a "D,"                            :
VAUGHN STOKES,                           :
  a/k/a "Qua," and                      :
BRYAN WHITTLE,                           :
  a/k/a "B,"                            :
  a/k/a "Tall B,"                       :
                        :

            Defendants.              :

- - - - - - - - - - - - - - - - - - - X

COUNT ONE

(Conspiracy to Distribute Narcotics)

The Grand Jury charges:

1. From at least in or about June 2013, up to and including in or about July 2016, in the Southern District of New York and elsewhere, MALCOLM KINYON, a/k/a "M.A.," ERIC ANTONMARCHI, a/k/a "Powerful," a/k/a "P," STAR BERMUDEZ, BRIAN BOWMAN, a/k/a "Pony," DERRICK ENSLEY, a/k/a "Dirk," AARON HARDY, ANDREW HARDY, NICHOLAS LEYVA, a/k/a "Stay High," a/k/a "Stay," DAVION McADAM, a/k/a "Goat," DANTE McNAIR, a/k/a "Tay," JAQUAN McNAIR, a/k/a "Quannie," a/k/a "Drugs," ANTON MILLER, a/k/a "Anton Singleton," a/k/a "Nord," DANIEL SPOTARDS, a/k/a "D," VAUGHN STOKES, a/k/a "Qua," and BRYAN WHITTLE, a/k/a "B," a/k/a "Tall B," the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that MALCOLM KINYON, a/k/a "M.A.," ERIC ANTONMARCHI, a/k/a "Powerful," a/k/a "P," STAR BERMUDEZ, BRIAN BOWMAN, a/k/a "Pony," DERRICK ENSLEY, a/k/a "Dirk," AARON HARDY, ANDREW HARDY, NICHOLAS LEYVA, a/k/a "Stay High," a/k/a "Stay," DAVION McADAM, a/k/a "Goat," DANTE McNAIR, a/k/a "Tay," JAQUAN McNAIR, a/k/a "Quannie," a/k/a

"Drugs," ANTON MILLER, a/k/a "Anton Singleton," a/k/a "Nord," DANIEL SPOTARDS, a/k/a "D," VAUGHN STOKES, a/k/a "Qua," and BRYAN WHITTLE, a/k/a "B," a/k/a "Tall B," the defendants, and others known and unknown, would and did distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

3. The controlled substance that MALCOLM KINYON, a/k/a "M.A.," ERIC ANTONMARCHI, a/k/a "Powerful," a/k/a "P," STAR BERMUDEZ, BRIAN BOWMAN, a/k/a "Pony," DERRICK ENSLEY, a/k/a "Dirk," AARON HARDY, ANDREW HARDY, NICHOLAS LEYVA, a/k/a "Stay High," a/k/a "Stay," DAVION McADAM, a/k/a "Goat," DANTE McNAIR, a/k/a "Tay," JAQUAN McNAIR, a/k/a "Quannie," a/k/a "Drugs," ANTON MILLER, a/k/a "Anton Singleton," a/k/a "Nord," DANIEL SPOTARDS, a/k/a "D," VAUGHN STOKES, a/k/a "Qua," and BRYAN WHITTLE, a/k/a "B," a/k/a "Tall B," the defendants, conspired to distribute and possess with intent to distribute was five kilograms and more of mixtures and substances containing a detectable amount of cocaine in violation of Title 21, United States Code, Section 841(b)(1)(A).

## MEANS AND METHODS OF THE CONSPIRACY

4. "Outta They League" or "OTL" is a registered Nevada Corporation (the "OTL Corporation") purportedly organized to produce music and owned by MALCOLM KINYON, a/k/a "M.A.," the defendant. The OTL Corporation, however, has produced little

commercially sold music since at least approximately in or around June 2013 and instead has been used to launder narcotics proceeds and facilitate narcotics transactions.

5. At all times relevant to this Indictment, a criminal drug-trafficking organization that also referred to itself as "Outta They League" or "OTL," maintained a large-scale cocaine trafficking operation in and around Poughkeepsie, New York and elsewhere. Each month, OTL distributed multiple kilograms of cocaine throughout this area. Individual OTL members and associates, including BRIAN BOWMAN, a/k/a "Pony," AARON HARDY, ANDREW HARDY, NICHOLAS LEYVA, a/k/a "Stay High," a/k/a "Stay," DAVION McADAMS, a/k/a "Goat," DANTE McNAIR, a/k/a "Tay," JAQUAN McNAIR, a/k/a "Quannie," a/k/a "Drugs," ANTON MILLER, a/k/a "Anton Singleton," a/k/a "Nord," DANIEL SPOTARDS, a/k/a "D," VAUGHN STOKES, a/k/a "Qua," and BRYAN WHITTLE, a/k/a "B," a/k/a "Tall B," the defendants, and others known and unknown (the "Distributors"), obtained wholesale quantities of this cocaine typically on a consignment basis from OTL's leader, MALCOLM KINYON, a/k/a "M.A.," the defendant. The Distributors would resell the cocaine they obtained from KINYON, and use the bulk of the proceeds from those sales to pay KINYON for the cocaine KINYON provided. KINYON would then reinvest those proceeds in further supplies of cocaine, which he would again provide to the Distributors.

6. Despite the OTL Corporation's limited commercial success in the music industry, a bank account maintained by the OTL Corporation (the "OTL Account") received in excess of one million dollars from between in or around June 2013 through in or around January 2016. Most of the funds that passed through the OTL Account represented proceeds of narcotics transactions which were ultimately used to facilitate the purchase of additional amounts of cocaine for additional narcotics transactions. Numerous OTL members and associates, including MALCOLM KINYON, a/k/a "M.A.," ERIC ANTONMARCHI, a/k/a "Powerful," a/k/a "P," STAR BERMUDEZ, DERRICK ENSLEY, a/k/a "Dirk," ANTON MILLER, a/k/a "Anton Singleton," a/k/a "Nord," and DANIEL SPOTARDS, a/k/a "D," the defendants, have made large cash deposits to the OTL Account.

7. In addition to trafficking narcotics, the OTL organization maintained discipline through the threatened use of violence. OTL members and associates have been recorded discussing the use of violence, including the use of firearms and physical assaults, to ensure repayment for drug debts and to deter co-conspirators from providing information to law enforcement, among other purposes.

## OVERT ACTS

8. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. On or about May 31, 2016, MALCOLM KINYON, a/k/a "M.A.," the defendant, attempted to ship a package containing approximately 2 kilograms of cocaine to Poughkeepsie, New York.

b. On or about May 31, 2016, ERIC ANTONMARCHI, a/k/a "Powerful," a/k/a "P," the defendant, engaged in a telephone conversation with KINYON during which KINYON and ANTONMARCHI discussed shipping one or more packages of cocaine.

c. On or about July 19, 2016, STAR BERMUDEZ, the defendant, attempted to ship a package containing approximately 2 kilograms of cocaine to Poughkeepsie, New York.

d. On or about May 14, 2016, BRIAN BOWMAN, a/k/a "Pony," the defendant, engaged in a telephone conversation with KINYON during which BOWMAN agreed to loan KINYON approximately $30,000 in cash in return for a discount on a wholesale purchase of cocaine to be provided by KINYON, for which BOWMAN agreed to pay approximately an additional $20,000.

e. On or about July 18, 2016, DERRICK ENSLEY, a/k/a "Dirk," the defendant, shipped a package containing approximately 2 kilograms of cocaine to Poughkeepsie, New York.

f.     On or about June 17, 2016, AARON HARDY, the defendant, engaged in a telephone conversation with KINYON during which AARON HARDY requested a wholesale quantity of cocaine from KINYON.

g.     On or about June 11, 2016, ANDREW HARDY, the defendant, engaged in a telephone conversation with KINYON during which ANDREW HARDY and KINYON discussed the quality of cocaine that ANDREW HARDY had purchased from KINYON.

h.     On or about June 28, 2016, NICHOLAS LEYVA, a/k/a "Stay High," a/k/a "Stay," the defendant, engaged in a telephone conversation with KINYON during which LEYVA requested a wholesale quantity of cocaine from KINYON.

i.     On or about June 30, 2016, DAVION McADAM, a/k/a "Goat," the defendant, engaged in a telephone conversation with KINYON during which McADAM discussed purchasing wholesale quantities of cocaine from KINYON.

j.     On or about June 14, 2016, DANTE McNAIR, a/k/a "Tay," the defendant, engaged in a telephone conversation with KINYON during which DANTE McNAIR discussed the quality of a recent shipment of cocaine received from KINYON.

k.     On or about May 31, 2016, JAQUAN McNAIR, a/k/a "Quannie," a/k/a "Drugs," the defendant, engaged in a telephone conversation with KINYON during which JAQUAN McNAIR discussed a

wholesale quantity of cocaine McNAIR intended to purchase from KINYON.

l.     In or about May 2016, ANTON MILLER, a/k/a "Anton Singleton," a/k/a "Nord," the defendant, engaged in a telephone conversation with KINYON during which MILLER discussed a previous payment of approximately $15,000 made to KINYON for the purchase of wholesale quantities of cocaine.

m.     On or about April 30, 2016, DANIEL SPOTARDS, a/k/a "D," the defendant, engaged in a telephone conversation with KINYON during which SPOTARDS requested a wholesale quantity of cocaine from KINYON.

n.     On or about April 29, 2016, VAUGHN STOKES, a/k/a "Qua," the defendant, engaged in a telephone conversation with KINYON during which KINYON and STOKES discussed the pricing of a previous purchases of cocaine.

o.     On or about June 18, 2016, BRYAN WHITTLE, a/k/a "B," a/k/a "Tall B," the defendant, engaged in a telephone conversation with KINYON during which KINYON and WHITTLE discussed the use of violence to collect money from another person to whom WHITTLE had consigned a wholesale quantity of cocaine WHITTLE had obtained from KINYON.

(Title 21, United States Code, Section 846.)

COUNT TWO

(Conspiracy to Commit Money Laundering)

The Grand Jury further charges:

9. The allegations set forth in paragraphs One through eIGHT are incorporated by reference as if set forth fully herein.

10. From at least in or about June 2013, up to and including in or about July 2016, in the Southern District of New York and elsewhere, MALCOLM KINYON, a/k/a "M.A.," ERIC ANTONMARCHI, a/k/a "Powerful," a/k/a "P," STAR BERMUDEZ, BRIAN BOWMAN, a/k/a "Pony," DERRICK ENSLEY, a/k/a "Dirk," AARON HARDY, ANDREW HARDY, NICHOLAS LEYVA, a/k/a "Stay High," a/k/a "Stay," DAVION McADAM, a/k/a "Goat," DANTE McNAIR, a/k/a "Tay," ANTON MILLER, a/k/a "Anton Singleton," a/k/a "Nord," DANIEL SPOTARDS, a/k/a "D," VAUGHN STOKES, a/k/a "Qua," and BRYAN WHITTLE, a/k/a "B," a/k/a "Tall B," the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to violate Title 18, United States Code, Section 1956(a)(1)(A)(i).

11. It was a part and an object of the conspiracy that MALCOLM KINYON, a/k/a "M.A.," ERIC ANTONMARCHI, a/k/a "Powerful," a/k/a "P," STAR BERMUDEZ, BRIAN BOWMAN, a/k/a "Pony," DERRICK ENSLEY, a/k/a "Dirk," AARON HARDY, ANDREW HARDY, NICHOLAS LEYVA, a/k/a "Stay High," a/k/a "Stay," DAVION McADAM, a/k/a "Goat," DANTE

McNAIR, a/k/a "Tay," ANTON MILLER, a/k/a "Anton Singleton," a/k/a "Nord," DANIEL SPOTARDS, a/k/a "D," VAUGHN STOKES, a/k/a "Qua," and BRYAN WHITTLE, a/k/a "B," a/k/a "Tall B," the defendants, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, knowing that the property involved in certain financial transactions, to wit, the transfer of hundreds of thousands of dollars in cash, represented the proceeds of some form of unlawful activity, to wit, the proceeds of illegal narcotics transactions, would and did knowingly conduct and attempt to conduct such financial transactions, which in fact, involved the proceeds of specified unlawful activity, with the intent to promote the carrying on of specified unlawful activity.

(Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 1956(h).)

## COUNT THREE

### (Firearms Trafficking)

The Grand Jury further charges:

12. From at least in or about mid-March 2016, up to and including in or about July 2016, in the Southern District of New York and elsewhere, MALCOLM KINYON, a/k/a "M.A.," the defendant, not being a licensed importer, licensed manufacturer, and licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully and knowingly engage in the

business of dealing in firearms, and in the course of such business did ship, transport, and receive firearms in interstate and foreign commerce, to wit, KINYON purchased firearms transported from Virginia for the purpose of illegally reselling the firearms in the Southern District of New York and elsewhere.

(Title 18, United States Code, Sections 922(a)(1)(A) and 2.)

FORFEITURE ALLEGATION

13. As a result of committing the offense alleged in Count One of this Indictment, MALCOLM KINYON, a/k/a "M.A.," ERIC ANTONMARCHI, a/k/a "Powerful," a/k/a "P," STAR BERMUDEZ, BRIAN BOWMAN, a/k/a "Pony," DERRICK ENSLEY, a/k/a "Dirk," AARON HARDY, ANDREW HARDY, NICHOLAS LEYVA, a/k/a "Stay High," a/k/a "Stay," DAVION McADAM, a/k/a "Goat," DANTE McNAIR, a/k/a "Tay," JAQUAN McNAIR, a/k/a "Quannie," a/k/a "Drugs," ANTON MILLER, a/k/a "Anton Singleton," a/k/a "Nord," DANIEL SPOTARDS, a/k/a "D," VAUGHN STOKES, a/k/a "Qua," and BRYAN WHITTLE, a/k/a "B," a/k/a "Tall B," the defendants, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offense, including but not

12

limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

14. As a result of committing the offenses alleged in Counts Two and Three of this Indictment, MALCOLM KINYON, a/k/a "M.A.," ERIC ANTONMARCHI, a/k/a "Powerful," a/k/a "P," STAR BERMUDEZ, DERRICK ENSLEY, a/k/a "Dirk," AARON HARDY, ANDREW HARDY, NICHOLAS LEYVA, a/k/a "Stay High," a/k/a "Stay," DAVION McADAM, a/k/a "Goat," DANTE McNAIR, a/k/a "Tay," JAQUAN McNAIR, a/k/a "Quannie," a/k/a "Drugs," ANTON MILLER, a/k/a "Anton Singleton," a/k/a "Nord," DANIEL SPOTARDS, a/k/a "D," VAUGHN STOKES, a/k/a "Qua," and BRYAN WHITTLE, a/k/a "B," a/k/a "Tall B," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offenses, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offenses.

13

## Substitute Assets Provision

15. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 21, United States Code, Section 853.)

_____
FOREPERSON

_____
PREET BHARARA
United States Attorney