MEMO ENDORSED

Honorable Kenneth M. Karas
United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

16 cr 666

Eric Antonmarchi, 78219-054            April 17, 2020

REQUEST FOR IMMEDIATE RELEASE
Based On Compassionate Release
(§§ 3582 and 4205(g)) and the
<u>CARES Act (PL 116-136, 134 Stat. 281)</u>

Inmate, ERIC ANTONMARCHI, is requesting immediate release in accordance with Compassionate Release and the CARES Act (March 27, 2020).

"Compassionate Release," as adjusted by the First Step Act, states that the Bureau of Prisons (BOP):

> "...may make an inmate with a minimum term sentence immediately eligible for parole by reducing the minimum term of sentence to time served."

It further states that:

> "The Bureau uses 18 U.S.C. 4205(g) and 18 U.S.C. 3582(c)(1)(A) in particularly extraordinary or compelling circumstances, which could not reasonably have been foreseen by the court at the time of sentencing."

The CARES Act, PL 116-136, 134 Stat. 281 (Mar. 27, 2020) expands the Bureau of Prisons' home confinement authority under Sec. 12003(b)(2) of the Act:

> "During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau, the Director of

1

the Bureau may lengthen the maximum amount of time for home confinement under the first sentence of Section 3624(c)(2) of Title 18 U.S.C. as the director determines appropriate."

The law defines the "emergency period" as the date that the President declared a national emergency, with respect to Covid-19, and ending 30 days after the national emergency declaration terminates. This law repeals the prior maximum amount of home confinement from 10% of an inmate's sentence or 6 months (whichever is less), to a No-Maximum limit.

### Inmate's Qualification for Release Under Compassionate Release and the CARES Act of 2020

1) The 'national emergency' as of the date of this writing, is still in effect.

2) The inmate has Asthma at 43 years old, for which he takes two 90mg puffs, four times daily. He also takes 60mg of Remeron, three times per day, for his Severe Anxiety. Anxiety, especially in these stressful times, can get very severe and cause Hypertension. These health issues decrease ANTONMARCHI's immunological strength. The Center for Disease Control and Prevention (CDC) found that 71% of hospitalized patients for Covid-19 had one or more reported underlying medical conditions. Although the Court was aware of ANTONMARCHI's medical conditions at the time of sentencing, the outbreak of Covid-19 could not have possibly been foreseen. Also, given that ANTONMARCHI is likely to develop severe complications if he contracts Covid-19,

his situation classifies as "extraordinary or compelling circumstances, which could not reasonably have been foreseen by the court at the time of sentencing," under 18 U.S.C. §§ 4205(g) and 3582(c)(1)(A).

3) The inmate has several factors in his favor regarding a potentially early release. Most notably, throughout his four years of incarceration, he has never once received an incident report. He has also completed considerable programming, including two drug programs. ANTONMARCHI is also a Non-Violent drug offender. Although he has previous convictions, he was released from parole several years early for good behavior on his last conviction. The inmate has received extensive punishment and rehabilitation, and is ready to return to society as a productive, crime-free, citizen.

PROPOSED RELEASE PLAN

1) ANTONMARCHI will reside with his mother, who is a retired teacher's assistant, at 1 Colonial Road, #103, Beacon, NY 12508.

2) ANTONMARCHI has severe arthritis and tendanitis, for which he was receiving social security disability payments and health insurance. He plans on reacquiring such assistance upon release. However, he has goals to return to college (Duchess Community College) to complete his Bachelor's Degree in Business Management, for which he has already completed approximately 60 credits. He will also be seeking employment at his cousin's car

3

dealership as a Customer Service Representative, thereby getting himself off of government assistance. Additionally, he has dreams to create a music management and marketing company, for which he already has prior experience.

3) ANTONMARCHI plans on Self-Isolating with his mother throughout the duration of the Covid-19 pandemic.

4) ANTONMARCHI has extensive communications with his very supportive family. If the need arises, he can use their support.

5) ANTONMARCHI will submit to GPS monitoring, along with any other restrictions that the U.S. Probation office imposes.

## CONCLUSION

Inmate, ERIC ANTONMARCHI has a high risk for developing severe and deadly complications in the face of Covid-19. Given that fact, along with his thorough release plan and good conduct in the custody of the BOP, ANTONMARCHI is a perfect candidate for early release, pursuant to 18 U.S.C. §§ 4205(g) and 3582(c)(1)(A), as well as the CARES Act. It is requested that he be released to HOME CONFINEMENT for the reasons stated herein.

Respectfully requested,

Date: 4-23, 2020

Eric Antonmarchi
Reg. No. 78219-054

Application is denied. Defendant has not fully exhausted his administrative remedies or waited the requisite 30 days for BOP to respond to his request for release. The Court has ruled in other cases that failure to exhaust is a bar to considering the merits of a compassionate release application. Moreover, Defendant is 43 years old, which is well below the age threshold to be considered at high risk, and while he apparently suffers from asthma, it is not in the top 10 risk factors, at least based on data from the NY metropolitan area. And, as noted by the Government, the facility that houses Defendant has experienced

5/14/20

4

Eric Antonmarchi
Reg. No. 78219-054
FCI Fort Dix
P.O. Box 2000
Joint Base MDL, NJ 08640



Honorable Kenneth M. Karas
c/o Clerk of Court
United States District Court
United States Courthouse & Federal Building
300 Quarropas Street
White Plains, New York 10601



APR 29 2020

1060134140 C004

FEDERAL CORRECTIONAL INSTITUTION
P. O. BOX 2000,
FORT DIX, NJ 08640

The enclosed letter was processed through special mail procedures. This letter has been neither opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material. If the writer encloses correspondence for forwarding to another address or includes unauthorized items, please return to the above address.